UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G. M.F., | No. 1:26-cv-00068-DJC-CKD |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner J.G. M.F. has filed a petition for writ of habeas corpus (ECF No. 1) along with a Motion for Temporary Restraining Order (Mot. (ECF No. 2)).[1] Respondents have opposed Petitioner's Motion. (Opp'n (ECF No. 10).) For the reasons stated below, the Court converts Petitioner's Motion for Temporary

---

[1] Petitioner also filed a Motion to Proceed under a Pseudonym. (ECF No. 3.) "The normal presumption is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1). However, it is common for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted). The Court grants Petitioner's request. Petitioner has adequately alleged the sensitive and highly personal nature of the facts at issue in her petition. (*See* ECF No. 3.) Petitioner also agrees to disclose his identity to Respondents, thus the prejudice to Respondents appears to be minimal. (*Id.* at 1.) Petitioner's request is also unopposed by Respondents. Finally, the public's interest in open judicial proceedings is not meaningfully impaired as Petitioner does not seek to seal records or take other action beyond using a pseudonym for her name. Accordingly, the Court finds good cause to grant Petitioner's request.

Restraining Order to a Motion for Preliminary Injunction and grants Petitioner's Motion.

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially similar." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, Plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008).

Here, Petitioner has a strong likelihood of success on the merits. It is undisputed that Petitioner has Temporary Protected Status ("TPS") previously granted by the Government. (TPS Approval Notice[2] (ECF No. 2-7); *see* Opp'n at 1–2 (discussing the effect of TPS but not disputing that Petitioner had been granted TPS).) Given Petitioner's TPS, Petitioner may not be detained. Other courts have summarized the background, meaning, and effects of TPS. *See, e.g.*, *Nat'l TPS All. v. Noem*, 798 F. Supp. 3d 1008, 1019–21; *Vladimirovich v. Giles*, No. 1:25-cv-00953-SKO, 2025 WL 3208979, at *2 (E.D. Cal. Oct. 10, 2025). Most relevant here, by statute, noncitizens granted TPS "shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4); *see Vladimirovich*, 2025 WL 3208979, at *2 ("Under [section 1254a(d)(4)], courts have considered writs of habeas corpus and determined that detained petitioners with TPS cannot remain detained pending lawful immigration proceedings."). This statute is unequivocal in granting this protection. The language is plain: while the noncitizen has TPS, they shall not be detained based on immigration status. Thus, given

---

[2] The approval notice provided has a stated expiration of April 2, 2025, for the TPS granted to Petitioner. (TPS Approval Notice.) However, as stated in the notice, this period is subject to extension. (*Id.*) Respondents' Opposition concedes that Petitioner has active TPS. (Opp'n at 1–2.)

Petitioner's active TPS, Respondents may not detain Petitioner based on his immigration status, and his present detention is plainly unlawful.

Respondents try to argue that TPS "has no effect on the authority of DHS to initiate removal proceedings and detain petitioner during those proceedings[.]" (Opp'n at 1.)  Whether or not removal proceedings may be initiated is irrelevant.  Petitioner's TPS ensures that Respondents both "shall not remove" him, 8 U.S.C. § 1254a(a)(1)(A), and "shall not . . . detain[]" him, 8 U.S.C. § 1254a(d)(4), while that status is active.  Respondents cite a Board of Immigration Appeals case, *Matter of B-N-K-*, in support of their position. (Opp'n at 1–2.)  But that decision only addresses whether removal actions should be administratively closed while an individual has a pending application for TPS.  *Matter of B-N-K-*, 29 I.&N. Dec. 96, 101–02 (2025).  It does not offer any support for the position that Petitioner may be removed or detained while he has TPS.

Petitioner has also established irreparable harm based on the unlawful deprivation of his liberty in violation of federal law and in his ongoing detention in immigration detention facilities.  *See Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017); *see also Echeverria v. Janecka*, No. 1:25-cv-01832-KES-SAB, 2026 WL 44896, at *3 (E.D. Cal. Jan. 7, 2026).  The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor as Respondents "'cannot reasonably assert that it is harmed in any legally cognizable sense' by being compelled to follow the law." *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) (*quoting Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983)).

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is converted to a Motion for Preliminary Injunction[3] and is GRANTED.
2. Respondents are ordered to immediately release Petitioner J.G. M.F. from their custody.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner on the basis of his immigration status while he maintains Temporary Protected Status.
4. The Court waives the bond requirement under Federal Rule of Civil Procedure 65(c) and finds that no security is required here as the Government cannot assert any harm in being enjoined from violating federal law.
5. This matter is referred to the assigned Magistrate Judge for all further proceedings.[4]

IT IS SO ORDERED.

Dated:   **January 12, 2026**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[3] Respondents' Opposition is presented as their opposition to the issuance of both a Temporary Restraining Order and a Preliminary Injunction. Respondents also request that the Court's next step be to set lengthy briefing on the merits should the Court grant preliminary injunctive relief. Thus, it appears Respondents do not oppose conversion of the Motion to a Motion for Preliminary Injunction.

[4] The Court does not address the request for a longer briefing schedule based on the Court's grant of a Preliminary Injunction. That issue must be raised before the assigned Magistrate Judge responsible for determining the merits in this action.