UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.G. M.F., | No.  1:26-cv-0068-DJC-CKD P |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and the Court's order filed on January 12, 2026. (ECF No. 12). Pursuant to 28 U.S.C. § 2243, respondents shall file a response to the pending petition.

Respondents request 180 days to respond. (ECF No. 10.) Respondents assert allowing 180 days for a response will "allow… time to present informed briefing in a rapidly-evolving area of the law, where appeals are currently pending in the Ninth Circuit that are likely to have precedential effect on current immigration habeas litigation, including this case." (ECF No. 10 at 2.) Petitioner opposes the request for that length of time to respond. (ECF No. 11.)

As the assigned district judge found in granting a preliminary injunction and ordering respondents to release petitioner from custody, in the present case there has been no dispute that Petitioner has Temporary Protected Status ("TPS"). (See ECF No. 12 at 2 "It is undisputed that

1

Petitioner has Temporary Protected Status[;]" and "Given Petitioner's TPS, Petitioner may not be detained.")

By statute, noncitizens granted TPS "shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4). "Under this statute, courts have considered writs of habeas corpus and determined that detained petitioners with TPS cannot remain detained pending lawful immigration proceedings." Arias Gudino v. Lowe, 785 F. Supp. 3d 27, 39 (M.D. Pa. 2025). Respondents have not identified any currently pending appeals in the Ninth Circuit that are likely to have precedential effect on the issues in this case. Accordingly, Respondents shall file a response within 20 days. See 28 U.S.C.A. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). In the alternative, Respondents may elect to stand on the arguments in their opposition filed on January 8, 2026, to Petitioner's request for preliminary injunctive relief.

In accordance with the above, IT IS ORDERED as follows:

1. Respondents' request for a 180-day period of time to respond to the Petition (ECF No. 10) is DENIED.

2. Respondents are directed to file a response within 20 days; respondents shall include with the response any and all transcripts or other documents relevant to the determination of the issues presented in the habeas application; in the alternative respondents may elect to stand on the arguments in their opposition filed on January 8, 2026, to Petitioner's request for preliminary injunctive relief.

3. Petitioner's reply, if any, is due on or before 14 days after the date on which respondent's response is filed.

Dated:  January 20, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mf0068.res

2